UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| EUGENE JENNINGS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 1:13CV00122 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on movant's pro se motion for writ of habeas corpus.[1] The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA.  As a result, the motion will be dismissed.

On July 30, 2007, after movant pled guilty to distributing cocaine base, the Court sentenced movant to 151 months' imprisonment and 3 years supervised release.

---

[1]Movant states that he is bringing this action pursuant to 28 U.S.C. § 2241. However, movant may not circumvent the restriction on successive petitions under 28 U.S.C. § 2255 merely by creative titling of his petition.  After reviewing the motion, the Court believes it should be construed as a motion to vacate pursuant to § 2255.

Movant did not file an appeal. United States v. Jennings, 1:07CR10 ERW (E.D. Mo. 2007).

Movant filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on June 15, 2009. Jennings v. United States, 1:09CV80 ERW (E.D. Mo. 2009). Movant's motion was dismissed as time-barred, and the United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability on December 30, 2009. Jennings v. United States, No. 09-2880 (8th Cir. 2009).

Movant filed a second motion to vacate pursuant to 28 U.S.C. § 2255 on January 11, 2012. Jennings v. United States, 1:12CV08 ERW (E.D. Mo. 2012). It was dismissed as successive. Movant did not appeal the dismissal.

In the instant motion, movant claims that he should not be considered a "career criminal" for sentencing purposes under the requirements set forth in the Sections 4B 1.1 and 1.2(a) of the Sentencing Guidelines because his prior conviction for unlawful use of a weapon does not show an "element of violence" under state law, as set forth in Begay v. United States, 553 U.S. 137 (2008). Movant also asserts that he is actually innocent.

Under 28 U.S.C. § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

>  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief.  As a result, the motion shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED and DISMISSED as SUCCESSIVE**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

So Ordered this 9th day of September, 2013.

_____
  E. RICHARD WEBBER
  SENIOR UNITED STATES DISTRICT JUDGE