UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| EUGENE JENNINGS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Case No. 1:13CV00122 ERW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

Before the Court is movant's self-titled motion to transfer this closed case to the Eastern District Court of North Carolina. [ECF No. 5]

In what appears to be a mixed motion for both the reconsideration of the dismissal of this action, as well as a motion for transfer of this case to movant's custodial court, movant asserts that he is now seeking to attack the "manner, location, and condition of his sentence" under 28 U.S.C. § 2241.

However, this was not movant's basis for relief in his original motion to vacate in the instant matter. Rather, he claimed that he should not be considered a "career criminal" for sentencing purposes under the requirements set forth in the Sections 4B 1.1 and 1.2(a) of the Sentencing Guidelines because his prior conviction for unlawful use of a weapon does not show an "element of violence" under state law, as set forth in Begay v. United States, 553 U.S. 137 (2008). Movant also asserted that he is

actually innocent of the crime - distributing cocaine base - for which he pled guilty and received a term of 151 months' of imprisonment.

Section 2241 provides a remedy for federal prisoners in two circumstances: (1) to challenge the execution of a sentence, and (2) to test the legality of a detention when § 2255 is otherwise inadequate. Movant's claims for relief in this action, as outlined above, relate to the imposition of his sentence, and this Court properly interpreted his claims as ones brought pursuant to 28 U.S.C. § 2255. See, e.g., Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) (§ 2241 confers habeas corpus jurisdiction over petitions from a federal prisoner and is expressly limited to challenges to the execution of the petitioner's sentence, while § 2255 confers jurisdiction over claims relating to the validity of a petitioner's sentence); see also, Straley v. Utah Bd. of Pardons, 582 F.3d 1208, 1213 (10th Cir. 2009) (§ 2241 habeas petition can only challenge the execution of his sentence but not the validity of his conviction and the original sentence); Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."). Thus, there is no need to reconsider the dismissal of this action as successive and it would be

unnecessary to transfer a closed § 2255 action to a district court in North Carolina which would not have jurisdiction over the action.[1]

Accordingly,

**IT IS HEREBY ORDERED** that movant's request for reconsideration of the dismissal of this action and for transfer of this closed action to the Eastern District Court of North Carolina [ECF No. 5] is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

So Ordered this 23rd day of September, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

[1]Only the sentencing court has jurisdiction over actions brought pursuant to 28 U.S.C. § 2255.